LAW OFFICES OF VICKI I. SARMIENTO
VICKI I. SARMIENTO, SBN 134047
333 North Garfield Avenue
Alhambra, California 91801
vsarmiento@vis-law.com
Telephone: (626) 308-1171
Facsimile : (626) 308-1101

Attorneys for The Estate of David Joseph Levee, Aurelia Chavez, individually and as Administrator of the Estate of David Joseph Levee

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

THE ESTATE OF DAVID JOSEPH LEVEE, AURELIA CHAVEZ, individually and as Administrator of the David Joseph Levee, Estate of

Plaintiff,

vs.

LOS ANGELES COUNTY; LOS ANGELES SHERIFF'S DEPARTMENT; LEROY BACA, and DOES 1 to 10,

Defendants,

Case No. CV10 1266 SJO (SSx)

**COMPLAINT FOR DAMAGES:**

1. Fourteenth Amendment Violations
2. Fourteenth Amendment Violations for Interference With Familial Relationship (42 U.S.C. Section 1983)
3. Supervisory Liability for Failure to Train and Supervise
4. Deliberate Indifference to Serious Medical Needs 42 U.S.C. Section 1983
5. Negligence
6. Failure to Summon Medical Attention (Gov't Code Section 845.6)

## COMPLAINT

COME NOW, plaintiff THE ESTATE OF DAVID JOSEPH LEVEE, AURELIA CHAVEZ individually and as Administrator of the Estate of DAVID JOSEPH LEVEE, and alleges as follows:

## INTRODUCTION

This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the in-custody death of

1
COMPLAINT FOR DAMAGES

the decedent, DAVID JOSEPH LEVEE. Plaintiff brings this action seeking compensation for the death of her son who committed suicide while he was in the custody of the Los Angeles County Sheriff's Department at Men's Central Jail ("MCJ") located at 441 Bauchet Street, Los Angeles, California 90012.

Through a series of acts and omissions evidencing abject conduct and gross negligence, intentional disregard to MCJ's own policies and procedures which required supervision and cell checks of individuals who were suicidal, decedent JOSEPH LEVEE was left unattended and committed suicide. Thereafter, the deputies in charge of supervising Mr. LEVEE and conducting cell checks of his cell, embarked on a cover up of their misconduct. These acts and omissions demonstrate deliberate indifference to the safety of decedent.

## VENUE AND JURISDICTION

1.     Venue is proper in this district because the underlying act, omissions, injuries and related facts and circumstances giving rise to the present action occurred in this District.

2.     This Court has jurisdiction over plaintiff's federal claims under 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

## PARTIES

3.     Plaintiff AURELIA CHAVEZ is the surviving parent of decedent DAIVD JOSEPH LEVEE, and the Administrator of the Decedent's Estate. Plaintiff brings this action individually and in her representative capacity as personal representative of decedent DAVID JOSEPH LEVEE for all claims that decedent would have been entitled to bring had he survived the incident.

///

4.     At all times mentioned herein, decedent DAVID JOSEPH LEVEE (or "decedent") was a resident of the City of Pico Rivera, County of Los Angeles, State of California.

5.     At all times mentioned herein, plaintiff AURELIA CHAVEZ resided in the County of Los Angeles, State of California.

6.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, defendants, and each of them, were and are now residents of the County of Los Angeles, State of California.

7.     At all times herein mentioned, defendant, COUNTY OF LOS ANGELES (hereinafter "COUNTY") is a public entity for the purposes of this action and in said capacity is responsible for and administers the COUNTY Sheriff's Department ("LASD"), which in turn promulgates policies and practices for the housing, custody, care, safe keeping and protection of inmates in the COUNTY Detention Facilities including MCJ.  COUNTY, through its component departments, and LEE BACA ("BACA"), as Sheriff of the Los Angeles County, run, operate, oversee, administer, supervise, and are otherwise responsible for the conduct of LASD in COUNTY facilities, including both acts and omissions of LASD and other detention facility workers.  At all times COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the LASD, including those individuals charged with protecting the health and safety of inmates at COUNTY Detention Facilities, including decedent JOSEPH LEVEE and to assure that said actions, policies, rules, regulations, practices and procedures of the LASD and its employees and agents comply with the laws and constitutions of the United States and of the State of California.

///

3

8.       Defendant BACA, is and at all times relevant to this action was the Sheriff of Los Angeles COUNTY, and he, along with other officials of Los Angeles COUNTY, DOES 1 to 3, at all times possessed the power and the authority and was charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the COUNTY Detention Facilities, including MCJ, and concerning the means by which the life and safety of inmates were to be secured, what criteria were to be used for the protection of the inmates on suicide watch

9.       At all times relevant herein, Defendants DOES 4 to 10 were and are deputies and peace officers, agents or employees of Defendant COUNTY and LASD and were at all times relevant to this action acting in the course and scope of their employment and agency.  They were actively engaged in employment at the MCJ at 441 Bauchet Street, Los Angeles, California 90012, and in this capacity were empowered to act under the color of law to supervise and conduct the cell checks of those on suicide watch, including JOSEPH LEVEE.

10.      Defendants DOES 4 to 10 were further obligated and charged by their respective duties to summon timely medical and/or psychiatric attention to JOSEPH LEVEE.   However, through their reckless conduct, said Defendant DOES and each of them, did not summon timely medical and psychiatric attention to JOSEPH LEVEE and failed to conduct regular cell checks of Mr. LEVEE'S cell.

11.      At all times relevant hereto, DOE Defendants 1 to 10 were the chief policy makers for COUNTY defendant and the LASD relative to the MCJ as alleged in paragraph 7 herein, were employed by COUNTY Defendant as administrators, captains, commanders, lieutenants, or in other capacities as yet undetermined and in doing the acts alleged acted within the course and scope of their employment under color of law.

///

4

12.     All Defendants named herein committed the above alleged acts while acting within the course and scope of their employment under color of law.

13.     At all times mentioned herein, Defendant Los Angeles COUNTY, through the LASD was charged with the supervision, management, control, operation and administration of LASD, including the responsibility for the control, supervision, training, employment, assignment and removal of deputy sheriffs at LASD and at MCJ where the acts alleged herein took place.

14.     At all times relevant to this case, and as to all acts and omissions relevant to this case, Defendants and each of them, were agents, servants, and employees of their co-defendants and in doing the things alleged were acting within the scope of their authority as agents, servants and employees and with the permission, consent, ratification and approval of their co-defendants.

15.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and for this reason sues these individuals as DOES until their true names have been ascertained. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

16.     Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged and that decedent's and plaintiff's injuries and damages as herein alleged were proximately caused by the negligence or reckless or intentional wrongful conduct of such Defendants.

17.     At all relevant times, all DOE Defendants were duly authorized employees and agents of the COUNTY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant COUNTY.

///

## FACTUAL ALLEGATIONS

18.     On January 20, 2009, DAVID JOSEPH LEVEE was a pretrial detainee housed in a single man cell at the Men's Central Jail (MCJ) located at 441 Bauchet Street, Los Angeles, California.

19.     Despite obvious signs of distress by JOSEPH LEVEE, both physical and mental, he was left unattended by the DOES 4 to 10 who failed to summon timely medical and psychiatric attention for him.

20.     On information and belief, Mr. LEVEE had open wounds that were causing him pain and distress.   Mr. LEVEE was also physically distressed from the effects of heroin withdrawal.

21.     Moreover, DOES 4 to 10 were LACSD deputies assigned to conduct regular cell checks of Mr. LEVEE's cell and they were grossly negligent and/or acted with deliberate indifference to his health and safety by failing to adhere to their mandatory statutory obligations regarding regular cell inspections.

23.     On information and belief, DOES 4 to 10 thereafter concealed the circumstances of Mr. LEVEE'S death and engaged in false reporting of cell observations.

### FIRST CLAIM FOR RELIEF

#### Fourteenth Amendment Violations

#### (Against DOES 1 to 10)

24.     Plaintiffs incorporate all the foregoing paragraphs herein by this reference.

25      This cause of action arises under United States Code Title 42, Section 1983, wherein Plaintiff seeks to readdress a deprivation under color of law of a right, privilege, or immunity secured to decedent Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the Constitution of the State of California.   Additionally, by reason of all foregoing and following allegations, Plaintiff was required to retain counsel to institute and prosecute this action and

6

to render legal assistance and advice that they may properly vindicate the loss and impairment of their rights and by reason thereof, Plaintiffs request and are entitled to a reasonable sum attorney's fees pursuant to 42 U.S.C. Section 1988.

23.     On or before January 20, 2009, there existed within the LASD; (1) an administrative manual; (2) a written compilation of policies and procedures; and (3) orally conveyed department policies, regarding the handling of suicidal inmates to protect inmates' life and safety and what precautions were to be taken to protect the life and safety of an inmate at known risk for suicide.

22.     On information and belief Plaintiff alleges that during her son JOSEPH LEVEE'S incarceration, said Defendants, acting in conscious and reckless disregard for Mr. LEVEE'S safety and in complete derogation of their responsibilities, did under color of law, knowingly and/or intentionally engage in the following acts and omissions among others:

> i.   Failed to conduct regular cell checks on Mr. LEVEE despite knowledge that he was suicidal as required by LASD's own policies;
>
> ii.  Failed to summon timely medical and/or psychiatric attention for Mr. LEVEE despite his obvious distressed physical and mental condition;
>
> iii. Failed to honestly and thoroughly investigate the circumstances of the events preceding Mr. LEVEE'S death;
>
> iv.  Concealed or otherwise turned a blind-eye to the obvious tampering with evidence, including tampering with the cell check logs; and
>
> v.   Falsified reports to make it appear that defendants had not recklessly and/or knowingly disregarded their obligations toward Mr. LEVEE to exonerate themselves from blame.

///

23.     In this manner Defendant DOES 4 to 10, under color of law, failed to protect decedent JOSEPH LEVEE's life and safety, to which protection Mr. Levee had a constitutional right, and thereby caused him to be exposed to physical danger, including death.  Defendant DOES 4 to 10 acted as they did in part because they knew or were otherwise aware that they would receive no discipline or punishment for their conduct and that their constitutionally violative conduct would otherwise be ratified and condoned by their superiors, including defendant BACA and DOES 1 to 3.

24.     As a proximate result of the aforementioned acts and omissions of said Defendants and each of them, decedent was left unattended and committed suicide.

25.     As proximate result of the aforementioned acts and omissions of said Defendants, and each of them, decedent sustained great physical and mental pain, shock to his nervous system, desperation and despair prior to his death.

26.     As a result, Decedent suffered extreme pain and suffering and eventually ended his life.  Plaintiff also has been deprived of the life-long love, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.  Plaintiff also claims funeral and burial expenses and a loss of financial support.

27.     The conduct of DOE DEPUTIES was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DOE DEPUTIES.

28.     Plaintiff seeks both wrongful death and survival damages under this claim.

## SECOND CLAIM FOR RELIEF

### Substantive Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)

### (Against Defendants DOES 4 to 10)

29.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 288 of this Complaint with the same force and effect as if fully set forth herein.

8

30.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprives her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, Decedent.

31.     As a result of the deliberate indifference by Defendants toward Mr. LEVEE in failing to summon and provide timely medical and psychiatric care, and failure to conduct regular cell checks, Mr. LEVEE committed suicide.   Plaintiff was thereby deprived of her constitutional right and familial relationship with her son, Decedent.

32.     Defendants DOES 4 to 10, acting under color of state law, thus violated the Fourteenth and Amendment right of Plaintiff to be free from unwarranted interference with her familial relationship with her son, Decedent.

33.     The aforementioned actions of DOE Defendants, along with other undiscovered conduct, constitutes deliberate indifference to the constitutional rights of Decedent and Plaintiff.

34.     As a direct and proximate cause of the acts of DOE OFFICERS, Plaintiff suffered extreme and severe mental anguish and pain in mind and body.  Plaintiff has also been deprived of the life-long love, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.  Plaintiff also claims funeral and burial expenses and a loss of financial support.

35.     The conduct of DOE Defendants was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the individual DOE Defendants.

## THIRD CLAIM FOR RELIEF

### Supervisory Liability for Failure to Train and Supervise Causing Constitutional Violations

### (Plaintiffs As Against Defendant Baca, County and Does 1-3)

36.     Plaintiff incorporates all the foregoing paragraphs herein by reference.

9

37.    At all relevant times, Defendants BACA, COUNTY and DOES 1-3 each knew or should have known of acts of DOES 4 to 10 and the dereliction of their duties occurring at the MSJ as a means, method, practice, policy, or custom of either punishing inmates or deliberately disregarding their obligations toward inmates known to be at risk for suicide.   Said defendants knew or in the exercise of reasonable care should have known the practice by their employees including Defendant DOES 4 to 10 of the arbitrary punishment of inmates caused by their denial and refusal to summon medical and/or psychiatric attention to inmates known to be suicidal.  Said defendants knew or in the exercise of reasonable care should have known of the practice of tampering with cell check logs of inmates who were on suicide watch.  Defendant BACA, COUNTY and DOES 1-3, however, consciously disregarded this knowledge, failed to adequately investigate or discover or discipline and correct such actions or practices, thereby causing the violation of Decedent's and Plaintiff's Constitutional Rights as described herein.

38.    Prior to the incident alleged herein, deputies and jailers, including Defendants COUNTY, BACA, and DOES 1 to 3 facilitated, permitted, ratified and condoned similar acts of deliberate indifferent to the safety of inmates like JOSEPH LEVEE.  Defendants BACA, COUNTY and DOES 1-10 knew or in the exercise of reasonable care should have known of this practice, pattern, or policy of institutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and said Defendants had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to take action to properly train, instruct, supervise, or discipline Sheriff's deputies, jailers or other employees, including Defendants DOES 4 to 10, and as a result, JOSEPH LEVEE committed suicide.

39.    At all times mentioned herein and prior thereto, Defendants BACA, COUNTY and

DOES 1- 3 had the duty to train, instruct, supervise and discipline SHERIFF's Deputies, including

Defendant DOES 4 to 10, to ensure they respected and did not violate Federal Constitutional and

statutory rights of and prisoners and to objectively investigate violations of said prisoners' rights;

among these rights of being;

      i.  The right to be free of infliction of cruel and unusual punishment;

      ii.  The right to medical and/or timely psychiatric care;

      iii.  The to protection and care while in the custody and control of deputies

        assigned to conduct cell checks.

    40.    Defendants BACA, COUNTY and DOES 1 to 3 breached said duties by failing to

train, instruct, supervise, or discipline their deputy sheriffs, including Defendant DOES 4 to 10,

resulting in the violation of Decedent's and other prisoners' constitutional rights, as alleged herein.

    41.    The conduct of said Defendants have been ratified, authorized or otherwise

condoned by each of them in their official and individual capacities.

    42.    Plaintiff seeks survival and wrongful death damages under this cause of action.  Plaintiff

also seeks attorney's fees and compensatory damages under this cause of action.

### FOURTH CLAIM FOR RELIEF

### Deliberate Indifference to Serious Medical Need Under 42 U.S.C. Section 1983

### (Against Defendants Does 4 to 10)

    43.    Plaintiff repeats and realleges each and every allegation contained in the foregoing

paragraphs 1 to 42 as though fully set forth herein.

    44.    This claim for relief is brought pursuant to 42 U.S.C Section 1983 and the Fourth and

Fourteenth Amendment of the United States Constitution.

///

45.     The cause of action for the violation of Decedent's Fourth and Fourteenth Amendment rights is brought by the plaintiff as his sole heir and successor in interest as permitted by Section 377.30 and 377.60 of the California Code of Civil Procedure.

46.     On January 20, 2009, JOSEPH LEVEE, possessed the rights, guaranteed by the Fourth and Fourteenth Amendment to be free from deliberate indifference to his serious medical and psychiatric needs by law enforcement officers or deputies.

47.     JOSEPH LEVEE had obvious open wounds and was in physical pain and distress. Mr. LEVEE was also suffering great pain and distress from heroin withdrawal and was on methodone. Mr. LEVEE was also known to be at risk for suicide.

48.     Defendants knew that failure to treat Mr. LEVEE's serious medical condition could result in unnecessary pain, despair, and suicide but disregard said serious medical and mental condition by failing to summon timely medical and/or psychiatric care for Mr. LEVEE.

49.     Defendants' actions thus deprived JOSEPH LEVEE of his right to due process as guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution.

50.     As a result, JOSEPH LEVEE, suffered extreme pain and suffering and eventually took his own life. Plaintiff has also been deprived of the life-long comfort, support, society, care and sustenance of JOSEPH LEVEE, and will continue to be so deprived for the remainder of her natural life. Plaintiff is also claiming funeral and burial expenses.

51.     Defendants' conduct was willful, wanton, malicious, and done with an evil motive and intent and with reckless disregard for the rights and safety of JOSEPH LEVEE and Plaintiff, thus warranting the imposition of exemplary and punitive damages as to these individual Defendants.

52.     Plaintiff seeks both wrongful death and survival damages under this cause of action.

///

## FIFTH CLAIM FOR RELIEF

### Negligence

### (Against all Defendants)

53.    Except for allegations of intentional conduct, Plaintiffs hereby reincorporate all the foregoing paragraphs herein by reference.

54.    Plaintiffs are informed and believe and thereon allege that during all times leading up to and until the January 20, 2009 incident resulting in Decedent's death, said Defendants did negligently and without due care toward Decedent,  failed in their duties to provide him timely medical and/or psychiatric attention and failed to conduct regular cell checks despite the known risk of his suicidal tendencies.

55.    Defendants COUNTY is subject to liability pursuant to Cal. Gov't Code § 815.2(a), which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." The following defendants are employees of Defendant COUNTY:  Leroy Baca and DOES 1 to 10.

56.    Decedent's distress and pain leading to his taking his own life occurred as a result of the absence of due care for the safety of suicidal inmates under the care and control of Defendants and constituted an unreasonable failure of both statutory and common law duties to protect Decedent while he was in their care, custody and control.

57.    The aforesaid conduct of said defendants, and each of them, was done in a negligent manner as all defendants, and each of them, as all defendants, and each of them, knew or should have known of the dangers decedent was exposed to due Decedent's weakened physical and mental state.

58.    Defendant COUNTY, Defendant BACA, and DOES 1-3 failed to adequately train, supervise, discipline, or in any other way control, whether or not Defendant DOES 4 to 10 and each of them, fulfilled their Constitutional, common-law, and judicially ordered duties to keep inmates, generally, and Plaintiff JOSE BEAS, specifically, protected while under their sole care and custody.

59.    Defendant COUNTY and Defendant BACA, and DOES 1-3 were also negligent in failing to provide said Deputy Sheriff Defendants, and each of them, the proper and special training necessary for the duties they could foreseeable be expected to perform in the course of their employment, in that DOE Defendants 4 to 10 received inadequate training in proper monitoring of suicidal inmates and protective measures toward such inmates, including Decedent, which now underlines this lawsuit.  As a direct and proximate result of this failure to provide training in these areas to said Defendants, the losses and injuries herein complained of have resulted.

60.    As a proximate result of the above described acts and omissions of Defendants, Decedent and Plaintiff suffered injuries as outlined in this complaint, all to their damage and which is hereby sought according to proof at trial.

## SIXTH CLAIM FOR RELIEF

### Failure to Summon Medical Care (Government Code Section 845.6)

### Against All Defendants

61.    Except for allegations of intentional conduct, Plaintiffs hereby reincorporate all the foregoing paragraphs herein by reference.

62.    The cause of action is brought pursuant to Government Code Section 845.6 against all Defendants by the plaintiff as his sole heir and successor in interest as permitted by Section 377.30 and 377.60 of the California Code of Civil Procedure.

14

61.   Plaintiff alleges that Defendants knew or in the exercise of reasonable care should have known of JOSEPH LEVEE'S need for immediate medical and/or psychiatric care.

62.   Plaintiff further alleges that despite Mr. LEVEE's obvious medical needs, including but not limited to his open wounds, his symptoms from heroin withdrawal, and his distraught physical and mental state, Defendants failed to summon medical care.

63.   As a proximate cause of the Defendants' acts or omissions, Decedent and Plaintiff sustained damages.

64.   Plaintiff is seeking survival and wrongful death damages under this claim for relief.

///

///

///

COMPLAINT FOR DAMAGES

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor for each and every claim for relief, jointly and severally, against all Defendants as follows:

a)  Compensatory general and special damages in an amount in accordance to proof;

b)  Exemplary damages, against the individually named Defendants DOES 1 to 10;

c)  Attorney's fees and expenses of litigation, including those fees permitted by 42 U.S.C. Section 1988;

d)  Wrongful death damages

e)  Survival damages;

f)  Costs of suit necessarily incurred herein;

g)  Prejudgment interest according to proof; and

h)  Such further relief as the Court deems just or proper.

DATED:  February 17, 2010          **LAW OFFICES OF VICKI I. SARMIENTO**

By: _____

VICKI I. SARMIENTO
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as to all of the causes of action above.

DATED: February 17, 2010                    **LAW OFFICES OF VICKI I. SARMIENTO**


By: _____

VICKI I. SARMIENTO
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 1266 SJO (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

LAW OFFICES OF VICKI I. SARMIENTO
VICKI I. SARMIENTO, SBN 134047
333 N. Garfield Avenue
Alhambra, California, 91801
vsarmiento@vis-law.com
(626) 608-1171 Telephone

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF DAVID JOSEPH LEVEE, AURELIA CHAVEZ, individually and as Administrator of the Estate of David Joseph Levee, <br> PLAINTIFF(S) <br> v. | CASE NUMBER <br><br> **CV10 1266 SJO (SSx)** |
| LOS ANGELES COUNTY; LOS ANGELES SHERIFF'S DEPARTMENT; LEROY BACA, and DOES 1 to 10, <br><br> DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S): <u>LOS ANGELES COUNTY, LOS ANGELES SHERIFF'S DEPARTMENT;</u>
<u>LEROY BACA</u>

A lawsuit has been filed against you.

Within __ **21** __ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Vicki I. Sarmiento</u> _____, whose address is <u>333 N. Garfield Avenue, Alhambra, California, 91801</u> _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

Dated: FEB 19 2010

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself □)<br>THE ESTATE OF DAVID JOSEPH LEVEE, AURELIA CHAVEZ, individually and as Administrator of the Estate of David Joseph Levee | **DEFENDANTS**<br>LOS ANGELES COUNTY; LOS ANGELES SHERIFFS DEPARTMENT; LEROY BACA, and DOES 1 to 10 |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Vicki I. Sarmiento, Esq.<br>LAW OFFICES OF VICKI I. SARMIENTO<br>333 N. Garfield Avenue, Alhambra, California, 91801, (626) 308-1171 | Attorneys (If Known)<br>Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant  □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No  **☑ MONEY DEMANDED IN COMPLAINT: $** According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark<br>SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | REAL PROPERTY | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | □ 210 Land Condemnation | | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 220 Foreclosure | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 230 Rent Lease & Ejectment | IMMIGRATION | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 240 Torts to Land | □ 462 Naturalization Application | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 245 Tort Product Liability | □ 463 Habeas Corpus-Alien Detainee | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | □ 290 All Other Real Property | ☑ 440 Other Civil Rights | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 245 Tort Product Liability | | □ 465 Other Immigration Actions | | |
| | □ 290 All Other Real Property | | | | |

**CV10 1266**

**FOR OFFICE USE ONLY:**  Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| AURELIA CHAVEZ | LOS ANGELES COUNTY |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY; LOS ANGELES SHERIFF'S DEPARTMENT; LEROY BACA | LOS ANGELES COUNTY |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Fourteenth Amendment Violations, Supervisory Liability for Failure to Train & Supervise, Deliberate Indifference to Serious Medical Needs, Negligence, Failure to Summons Medical Attention | LOS ANGELES COUNTY |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  February 19, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |