Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Maria Z. Markova, State Bar No. 233953
E-Mail: mmarkova@hurrellcantrall.com
Lisa Y. An, State Bar No. 242918
E-Mail: lan@hurrellcantrall.com
HURRELL CANTRALL LLP
660 South Figueroa Street, 21st Floor
Los Angeles, California 90017-3442
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendant COUNTY OF LOS ANGELES

**NOTE CHANGES MADE BY COURT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE ESTATE OF DAVID JOSEPH LEVEE, AURELIA CHAVEZ, individually and as Decedent's Successor in Interest,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY; LOS ANGELES SHERIFF'S DEPARTMENT; LEROY BACA, and DOES 1 to 10,<br><br>Defendants. | CASE NO. CV10-1266 SJO (SSx)<br><br>[~~PROPOSED~~] ORDER RE: STIPULATION FOR PROTECTIVE ORDER<br><br>[Assigned to Judge S. James Otero Courtroom "1"] |

Subject to the approval of this Court, the parties, by and through their attorneys of record, hereby stipulate for entry of the following protective order:

1. Plaintiff Aurelia Chavez has requested that defendant County of Los Angeles ("COLA") produce certain documents and information, which COLA contends to be involving privileged and confidential information.

2. COLA agrees to produce documents and information responsive to plaintiff's discovery requests, but only under the strict circumstances and limitations of this Stipulated Protective Order (hereinafter "Protective Order") where said

documents and information are kept confidential and private and with assurances that said documents and information shall not be produced, copied, or disseminated to any person or entity unless authorized by this Protective Order.

3. Sections of COLA's pertinent policies and training materials (including sections from the following: (a) Los Angeles County Sheriff's Department Custody Division Manual, (b) Los Angeles County Sheriff's Department Manual of Policy and Procedures, and (c) Los Angeles County Sheriff's Department – Men's Central Jail Custody Division Unit Orders) produced to plaintiff by COLA during the course of discovery in this litigation and any subsequent reproduction thereof, as well as employee and personnel records, internal affairs and administrative investigation reports and materials, which COLA believes in good faith constitute or embody confidential information, personnel records and/or other materials that are entitled to privileges and/or protections against discovery or disclosure by the United States Constitution, First Amendment; the California Constitution, Article I, Section 1; California Penal Code Sections 832.5, 832.7 and 832.8; California Evidence Code Sections 1040 and 1043 *et. seq*; the Official Information Privilege; the right to privacy; and decisional law relating to such provisions, which matter is not generally known and which COLA would not voluntarily reveal to third parties and therefore is entitled to heightened protection from disclosure, are to be designated as "confidential material."

4. Confidential material shall be used solely in connection with the preparation and trial of the within case, Case No. CV10-1266 SJO (SSx), or any related appellate proceeding and not for any other purpose, including any other litigation.

5. Material designated as "confidential" under this Protective Order, as well as the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "confidential material" or "confidential information") shall be used solely for the purpose of litigating this action, and for no other action or purpose.

6. Confidential material may not be disclosed except as provided in paragraph 7.

7. Confidential material may be disclosed only to the following persons:

(a) Counsel for any party, and any party to this litigation;

(b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

(c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

(d) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

(e) Any "in-house" expert designated by either party to testify at trial in this matter.

Nothing in paragraph 7 is intended to prevent officials or employees of the COLA or other authorized government officials from having access to the documents if they would have had access in their normal course of their job duties.

8. Each person to whom disclosure is made, with the exception of those identified in paragraph 6 who are presumed to know the contents of the protective order, shall, prior to the time of disclosure, be provided a copy of this order by the person furnishing her/her such material, and shall agree on the record or in writing, that he/she has read the protective order, and that he/she understands the provisions of the protective order. Such person must also content in writing to be subject to the jurisdiction of the Los Angeles County Superior Court, with respect to any proceedings relating to enforcement of this order, including without limitation, any proceedings for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation. (See, Appendix "A").

9. Designation in conformity with this Protective Order requires: For information in documentary form (apart from transcripts of depositions or other

pretrial or trial proceedings), COLA shall affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.

10. Confidential material must be stored and maintained by counsel for plaintiff at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Confidential material shall be clearly marked by counsel for plaintiff and maintained by counsel for plaintiff with the following or similar legend recorded upon it in a way that brings its attention to a reasonable examiner:

**CONFIDENTIAL: THESE DOCUMENTS** ~~ARE~~ *MAY BE* **SUBJECT TO THE TERMS AND CONDITIONS OF A PROTECTIVE ORDER, CASE NUMBER CV10-1266 SJO (SSx)** *SAS*

11. Each person to whom disclosure is made shall not duplicate any confidential information except for working copies and for filing with the Court.

12. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

13. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal in compliance with Central District Local Rule 79-5.1

14. In the event that any confidential material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

15. At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order shall be destroyed or, if appropriate, returned to COLA and confirm such actions in

writing to COLA.

16. If plaintiff is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "confidential," plaintiff must so notify COLA, in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

17. If plaintiff learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, plaintiff must immediately (a) notify in writing COLA of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Confidentiality Agreement ("Appendix "A").

18. Nothing in this Protective Order shall be construed in any way to control the use, dissemination, publication or disposition by COLA of the confidential information. Nothing in this Protective Order shall be construed as a waiver of any privilege (including work product) that may be applicable to any document or information. Further, by stipulating to the entry of this Protective Order, COLA does not waive any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, COLA does not waive any right to object on any ground for use as evidence of any of the material covered by this Protective Order.

19. Further, this Protective Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Protective Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document,

1  material, or information, or altering any existing obligation of any party or the
2  absence thereof.
3     20.    The Court shall have jurisdiction over the parties, their counsel and all
4  persons to whom confidential information has been disclosed for the purpose of
5  enforcing terms of this Protective Order, redressing any violation thereof, and
6  amending or modifying the terms as the Court may deem appropriate.
7     21.    The foregoing is without prejudice to the right of any party:
8     (a)    To apply to the Court for a further protective order relating to
9  confidential material or relating to discovery in this litigation;
10    (b)    To apply to the Court for an order removing the confidential material
11 designation from any documents; and
12    (c)    To apply to the Court for an order compelling production of documents
13 or modification of this order or for any order permitting disclosure of confidential
   material beyond the terms of this order.
14    22.    Nothing in this Protective Order abridges the right of any person to
15 seek its modification by the Court in the future.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

*This Court makes no findings regarding the application of any privilege to the documents described in this Order.*

23. This Protective Order may be executed in counterparts.

*However, good cause is shown for the entry of a protective order.*

IT IS SO ORDERED:

DATED: 12/1, 2010

/s/ Suzanne H. Segal
HON. JUDGE SUZANNE H. SEGAL
United States Magistrate Judge

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

# APPENDIX "A"

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have read and understand the Stipulation for Protective Order and Protective Order of the United States District Court, Central District of California, entered on the _____ day of _____, 2010, in the case of Estate of Joseph David Levee, et al. v. County of Los Angeles, et al., Case No. CV10-1266 SJO (SSx). A copy of the Stipulation for Protective Order and Protective Order has been delivered to me with my copy of this Acknowledgement and Agreement to Be Bound (hereinafter "Confidentiality Agreement"). I agree to be bound by all the terms of this Confidentiality Agreement.

I further agree to be bound by all the terms of the Stipulation for Protective Order and Protective Order and hereby agree not to use or disclose the confidential information or material (as defined by that Order) disclosed to me, except for purposes of this litigation as required by the Stipulation for Protective Order and Protective Order. I further agree and attest to my understanding that a breach of this Confidentiality Agreement may be directly actionable, at law and equity, and may constitute a violation of the Stipulation for Protective Order and Protective Order, and I further agree that in the event I fail to abide by the terms of the Stipulation for Protective Order and Protective Order, or if I disclose or make use of any confidential information acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court

///
///
///
///
///
///

1  for such failure.  I further agree to submit to the jurisdiction of the United States
2  District Court, Central District of California for the purpose of enforcing the terms
3  of this Confidentiality Agreement and Protective Order, even if such enforcement
4  proceedings occur after termination of this action.

Dated:

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City                State                Zip

_____
Occupation or Business